Sean H. Barrett
Attorney at Law
P.O. Box 3018
Cheyenne, WY 82003-3018
(307) 286-8440

**IN THE UNITED STATES COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **MICHAEL J. PLAKE, d/b/a/ Plake** | ) |
| **and Associates,** | )   Criminal No.   12-CR-81-F |
| | ) |
| and | ) |
| | ) |
| **PAUL D. CARDWELL,** | ) |
| | ) |
| Defendants. | ) |

**JOINT MOTION TO DECLARE CASE COMPLEX AND ORDER FOR EXCLUDABLE DELAY**

COMES NOW Sean Barrett on behalf of Defendant Plake as well as on behalf of all other counsel of record in the above-captioned matter, including James H. Voyles and Robert W. Horn acting as counsel on behalf of Defendant Cardwell and Lisa Leschuck, Assistant United States Attorney, acting as counsel on behalf of Plaintiff, and hereby moves the court to declare this case complex pursuant to 18 U.S.C. §3161 *et seq.* ("Speedy Trial Act").  This determination by the court is necessary due the nature of the prosecution and is based on the following:

1. The Defendants were indicted on March 15, 2012, for Conspiracy to Commit Mail and Wire Fraud in violation of 18 U.S.C. § 1349, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §1956(h), Mail Fraud in violation of 18 U.S.C. §1341 and Mail Fraud

in violation of 18 U.S.C. §1343.  The Indictment alleges that the conspiracy began on or about March 2011 and lasted through September 2011.  Summons were issued for both Defendants.

2. Defendant Plake and Cardwell appeared with their respective retained counsel on March 27, 2012 for their initial appearances and arraignment in the District of Wyoming.  A trial date was set for June 4, 2012 and both defendants were released pretrial on unsecured appearance bonds .

3. The United States Attorney Office for the Northern District of Indiana has undertaken and is currently in the final stages of an investigation in that district pertaining to Defendants Plake and Cardwell with regard to conduct alleged to be the same as that alleged in the above-captioned matter.

4. The Northern District of Indiana United States Attorney's Office has advised counsel for Plaintiff that an Indictment is expected to be sought in July, 2012 in the Northern District of Indiana following completion of that District's ongoing investigation.

5. Counsel for Plaintiff has advised that the ongoing Indiana investigation appears to have revealed conduct purportedly attributable to the defendants as relevant conduct in the above-captioned matter.   The results of this investigation are anticipated to be provided to the United States Attorneys Office for the District of Wyoming upon completion of that investigation.   Counsel for Defendant Plake can also represent to the Court that he has been in contact with the United States Attorney's Office of the Northern District of Indiana and has also been advised that an Indictment is anticipated in the near future in that district.

**DISCUSSION**

1. The district court may exclude any period resulting from a continuance beyond the Speedy Trial Act upon finding that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under §3161(h)(7)(A), either sua sponte or upon motion, the court is to consider the factors set forth in subsections (h)(7)(B)(i),(ii), and (iv) place on the record "either orally or in writing, it reasons for finding that the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). *United States v. Rushin,* 642 F.3d 1299, 1302 (10th Cir. 2011). "Without on-the-record findings there can be no exclusion under § 3161(h)(7)." *Zedner v. United States*, 547 U.S. 489, 507 (2006). Subsection (ii) asks "[w]hether the case is so unusual or complex . . . that is it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established."

2. The public's interest would be furthered in granting a continuance given the factors of §3161(h) – specifically, the public's interest in a prompt trial is vindicated by a reasonable continuance which also ensures that the prosecution has sufficient time to complete on-going investigations and provide additional discoverable information as may be developed which, in turn, ensures that the defense has an adequate opportunity to review such information with the defendants.

3. The results of the ongoing Indiana investigation of Defendants Plake and Cardwell obviously have not been provided to counsel for Defendants at this time, consequently this has made it impossible at this stage of the proceedings for counsel of either defendant to fully and effectively advise their clients as to the exact nature of the charges and potential penalties which are anticipated to be brought in the near future in the Northern District of Indiana.  The lack of that information as to the anticipated Indiana Indictment at this time complicates the ability of the defendant's to make fully informed and intelligent decisions with regard as to how to proceed in the instant case due to the unknown ramifications and consequences of the Indiana proceedings and evidence upon this case.

4. The United States Attorney's Offices for the Northern District of Indiana and Wyoming have discussed a global disposition, as needed, with regard to the above-captioned matter and the anticipated charges in Indiana, such disposition, if necessary, may be beneficial to the defendant's as well and promote judicial efficiency.  However, such an arrangement cannot be arrived at in advance of the anticipated Indictment in the Northern District of Indiana or prior to the defendant's June 4, 2012 trial date.

5. Therefore, based upon the ongoing investigation in the District of Northern Indiana, defense counsel's inability at this time to advise their respective clients as to the ramifications of that investigation with their case in the above-captioned matter, the inability of defendant's counsel at this time to effectively advise their clients as to the consequences of any course of action in the District of Wyoming with the federal charges expected to be brought in the Northern District of Indiana, and the judicial

efficiency of a global disposition which is anticipated to be sought in this matter which cannot be entered into at this time it is unreasonable to expect the government and defense counsel to properly prepare for pretrial proceedings or trial itself within the 70 days mandated by 18 U.S.C. § 3161(c)(1).

**WHEREFORE,** the United States and Defendant's Plake and Cardwell respectfully request the court deem this case a complex case pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), and find that the ends of justice is served by taking such action and outweighs the best interest of the public and the defendants in a speedy trial. The United States and Defendants Plake and Cardwell further recommend that the trial be continued to a later date and time mutually convenient to the court and counsel for the respective parties.

**DATED** this 15th day of May, 2012.

By:   */s/ Sean H. Barrett*
       Attorney for Defendant Plake

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 15th day of May, 2012 a true and correct copy of the foregoing document was electronically filed and served upon Counsel of Record via CM/ECF or Court's Electronic Filing System.

*/s/ Sean H.Barrett*
Attorney for Defendant Plake