U.S. ...
DIS... OF ...
2012 MAY 24 PM 1 23
STE... ...S, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 12-CR-81-F |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. PLAKE, d/b/a ) | |
| PLAKE and ASSOCIATES and ) | |
| PAUL D. CARDWELL, ) | |
| ) | |
| Defendants. | |

### ORDER GRANTING
### IN PART JOINT MOTION TO CONTINUE TRIAL AND EXCLUDING DELAY

THIS MATTER is before the Court on the parties' Joint Motion to Declare Case Complex and Order for Excludable Delay. The Court has reviewed the motion and is fully informed in the premises. The Court FINDS and ORDERS as follows:

#### Facts

1. Defendants were indicted on March 15, 2012, for Conspiracy to Commit Mail and Wire Fraud in violation of 18 U.S.C. § 1349, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h), Mail Fraud in Violation of 18 U.S.C. § 1341 and Mail Fraud in violation of 18 U.S.C. § 1343.

2. Defendants appeared for their initial appearances and arraignment on March 27, 2012, in the District of Wyoming. Both Defendants were released on bond.

3. Defendants assert that the United States Attorney for the Northern District of Indiana has advised counsel that they are expecting to seek an Indictment against Defendants in July 2012. It is possible that the relevant conduct for these potential charges in Indiana is the same as the charged conduct in this case.

4. The trial in this matter is currently scheduled for June 4, 2012.

## Analysis

Pursuant to 18 U.S.C. § 3161(h)(7)(A) a court may consider a continuance if the court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendants in a speedy trial. In their Joint Motion, the parties ask the Court to declare this case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). 18 U.S.C. § 3161(h)(7)(B) lists several factors a court can consider to ascertain if the ends of justice are best served by a continuance. On factor found at 18 U.S.C. § 3161(h)(7)(B)(ii) allows the court to consider whether the case is so complex that it would be unreasonable to expect adequate preparation within the speedy trial time. A case may be complex based on the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law.

The only reason provided by the parties for declaring this case complex is the potential for additional charges in another district and the inability of counsel to adequately advise their clients regarding the disposition of this case. This is not a novel issues of law and the Court does not find any of the other factors necessary for the Court to find this case is complex. However, another basis for continuing trial under the Speedy Trial Act is found at 18 U.S.C. § 3161(h)(7)(B)(i), which allows the court to consider whether failing to grant a continuance would result in a miscarriage of justice.

In this case, the parties are aware that charges against the Defendants, potentially for the same or similar conduct, are forthcoming from the Northern District of Indiana. Defendants are not fully aware of the complete nature of these charges. This lack of information is detrimental to Defendants in determining how to proceed in ths case. The Court finds that requiring Defendants to go forward with trial in this case with the threat of other charges in another district would result in a miscarriage of justice.

THE COURT FINDS, based on all of the above, that the ends of justice served by a continuance in this matter outweigh the best interests of the public and the Defendants in a speedy trial.

IT IS ORDERED that the motion to continue trial is GRANTED and the trial scheduled for June 4, 2012, is VACATED.

IT IS FURTHER ORDERED that the trial in this matter is reset to September 18, 2012 at 8:30 am. This date should give the parties sufficient time to obtain all the necessary information to properly prepare for the trial in this matter.

IT IS FINALLY ORDERED that the period of delay from the date the parties filed their joint motion to continue, up to and until the trial date is a reasonable period of delay necessary to assure that Defendants have appropriate time to prepare for trial, and such time shall be excluded from speedy trial calculation.

Dated this 24 day of May, 2012.

NANCY D. FREUDENTHAL
U.S. DISTRICT COURT JUDGE